**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JENNIFER SIEHNDEL,**

       **Plaintiff,**

**vs.**                                                            **Case No.  08-2306-JWL**

**ASSESSMENT TECHNOLOGIES
INSTITUTE, LLC,**

       **Defendant.**

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion to Allow Robert Cole to Appear as Defendant's Representative at Trial and Objection to and Motion for Reconsideration of Order (doc. 38).  It requests the Court reconsider its Order of August 10, 2009, that sustained an oral motion to exclude Robert Cole, the former Chief Executive Officer (CEO) and President of Defendant, from attending the deposition of Plaintiff.[1]  Defendant also moves to allow it to designate Mr. Cole as its corporate representative to appear on its behalf during trial and other proceedings. As set forth below, the Court denies the motion for reconsideration as moot.  The Court sustains the motion to allow Mr. Cole to appear as Defendant's representative at trial and other proceedings.

**I.**     **Motion for Reconsideration of Deposition Attendance Ruling**

Under the standard for ruling on a motion for reconsideration, the Court may grant reconsideration of a non-dispositive order if the moving party establishes one of three enumerated grounds.   Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive

---

[1]This case was originally filed by three plaintiffs.  Plaintiffs Browne and Summers have since settled their claims with Defendant.  Only the claims of plaintiff Siehndel remain in the case.

orders must be based upon "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."  Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[2]  Defendant here bases its motion upon the third ground, i.e., the need to correct clear error or prevent manifest injustice.

On July 20, 2009, the Court heard by telephone the oral motion to exclude Robert Cole from the deposition of Plaintiff.  It found that Mr. Cole was not a current officer or employee of Defendant and, therefore, did not qualify to attend the deposition as its corporate representative.

Defendant argues that the ruling to exclude Mr. Cole from the deposition does not control the issue of whether he should be allowed to attend the trial as its representative.  In an abundance of caution and to the extent any additional depositions be taken, Defendant asks the Court to reconsider that ruling.  It contends that the Court made no findings of good cause that would have warranted the exclusion of Mr. Cole, pursuant to Fed. R. Civ. P. 26(c)(1)(E).

The Federal Rules of Civil Procedure do not specify who may or may not attend the deposition of a party.  Fed. R. Civ. P. 30, which governs depositions by oral examination, provides that "the examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615."[3]  The rule of evidence for exclusion of witnesses at trial, Fed. R. Evid. 615, therefore does not apply to depositions.  The 1993 Advisory Committee Notes to Fed. R. Civ. P. 30(c) emphasize that the exclusion of Fed. R. Evid. 615 from Rule 30(c) was intended to establish a general rule that "other witnesses are not automatically excluded from a deposition simply by the request of a party." Exclusion of individuals from

---

[2]*Hancock v. Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[3]Fed. R. Civ. P. 30(c)(1).

depositions requires that the court grant a protective order pursuant to Rule 26(c).[4]  Under Fed. R. Civ. P. 26(c)(1), a party may move for a protective order on matters relating to a deposition upon a showing of good cause.  Designating the persons who may be present while the discovery is conducted is included within the list of protective orders the court may issue under Rule 26(c)(1).[5]

The District of Kansas has Deposition Guidelines available on its website.  Although the memoranda of the parties do not refer to the Guidelines, the Court notes the following provision, regarding who may be present at a deposition:

> Attendance.
> (a) Who may be present.  Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purpose of the deposition, the parties' or the representative of a party, and counsel for the deponent.  While a deponent is being examined about any document designated as coincidental pursuant to a protective or confidentiality agreement or order, any persons to whom disclosure is not authorized under the order or agreement shall be excluded from the deposition.[6]

Because Mr. Cole was not an officer or employee of Defendant at the time of Plaintiff's deposition, he does not fall into any of the categories of who may be present at the deposition, as set forth in the Guidelines.

The Court agrees that its Order granting the motion to exclude Mr. Cole from attending the deposition of Plaintiff does not control the issue of his prospective attendance at trial as the

---

[4]*Conrad v. Bd. of Johnson County Kan. Comm'rs*, No. Civ. A. 00-2277-DJW, 2001 WL 1155298, at *1 (D. Kan. Sept. 17, 2001).

[5]Fed. R. Civ. P. 26(c)(1)(E).

[6]D. Kan. Deposition Guidelines, No. 4, *available at* http://www.ksd.uscourts.gov (last modified Sept. 14, 2009).  The *Manual for Complex Litigation*, Fourth § 40.29 (4th Ed. 2004) contains sample deposition guidelines that reflect similar language regarding who may be present at a deposition.

designated corporate representative of Defendant.  The Court therefore finds no need to reconsider its earlier ruling with respect to his attendance at the deposition.  That deposition has already occurred.  There is no indication that Defendant seeks to depose Plaintiff a second time.  The deadline for further discovery has expired.  The Court therefore finds the request for reconsideration to be moot.

## II.     Motion to Allow Mr. Cole to Appear as Defendant's Representative at Trial and for Other Proceedings

Defendant requests that it be allowed to designate Mr. Cole as its representative to appear at trial and other proceedings.  It asserts that he was its CEO and President during the time relevant to this litigation and has personal knowledge of the facts and circumstances surrounding claims of Plaintiff.  Mr. Cole made the decision to terminate the employment of Plaintiff.  He attended the meeting with Plaintiff when she was informed that her employment was being terminated. Defendant contends that his designation is appropriate under either Fed. R. Evid. 615(2) or (3).

Plaintiff contends that Defendant has not demonstrated that Mr. Cole qualifies under any of the exceptions to Fed. R. Evid. 615.  She argues that the Rule 615(2) exclusion is limited to current officers or employees of a corporate party and Defendant makes no claim that Mr. Cole is a current employee.  She further argues that Defendant has not met its burden to show that his presence is essential to the presentation of its case.

Both Plaintiff and Defendant refer to Fed. R. Evid. 615 as the appropriate rule to govern this particular dispute.  It provides:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to

be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.[7]

It is undisputed that Mr. Cole is neither a party nor or a current officer or employee of a party in this case.  He is the former CEO and President of Defendant.  As such, he does not qualify as "an officer or employee" of Defendant under Fed. R. Evid. 615(2).  The plain text of Fed. R. Evid. 615(2) does not apply to former employees.  Fed. R. Evid. 615 carries a presumption in favor of exclusion of witnesses, and the party seeking to avoid exclusion of a witness at trial bears the burden of proving that a Rule 615 exemption applies.[8]  Case law from the Fourth Circuit suggests that Fed. R. Evid. 615(2) does not extend its exemption to include former employees.[9]  Defendant cites a Sixth Circuit case, *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*,[10] that found a former employee to qualify for the Fed. R. Evid. 615(2) exemption.  The facts in *Roberts* are distinguishable from the instant case, because the corporation seeking the exemption for a former employee was not operating and had no employees at the time of trial.[11]  This Court concludes that the Fed. R. Evid. 615(2) exemption does not authorize the designation of Robert Cole to attend trial as Defendant's designated corporate representative.

---

[7]Fed. R. Evid. 615.

[8]*Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628 (4th Cir. 1996).

[9]*See Kozlowski v. Hampton Sch. Bd.*, 77 Fed. App. 133, 151-153 (4th Cir. 2003) (district court's interpretation of Fed. R. Evid. 615(2) to include a former officer or employee contradicts the text of the rule)*; Bass v. Hardee's Food Sys., Inc.*, 229 F.3d 1141, 2000 WL 1124515, at *2 n.3 (4th Cir. 2000) (unpub.) (declining to extend Fed. R. Evid. 615(2) exemption to include former employees).

[10]325 F.3d 776, 785 (6th Cir. 2003).

[11]*Id.*

Fed. R. Evid. 615(3), however, does allow attendance at trial of a person whose presence is "essential to the presentation of the party's cause." The Advisory Committee's Note to the 1972 Proposed Rules states that the third exemption "contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation."[12] In order to invoke the exception, the proponent need show that trial counsel needs the attendance to effectively function during trial or during deposition.[13] Further, the court should examine whether permitting the witnesses to attend the trial or deposition would be contrary to the purpose of the rule, i.e., would it allow the witness to shape his testimony or directly refute or corroborate witnesses' testimony.[14] The determination of whether a witness is essential under Rule 615(3) lies in the discretion of the district court.[15]

Plaintiff argues that Defendant has not made an adequate showing that Mr. Cole is indeed a person whose presence is "essential to the presentation of the party's cause," as required by Fed. R. Evid. 615(3). In its supporting memorandum, however, Defendant has represented that Mr. Cole made its corporate decision to terminate its employment of Plaintiff and was present at the meeting where she was told that she was being terminated. The response of Plaintiff does not deny that assertion. Section 5.a. of the Pretrial Order (doc. 46) includes among Plaintiff's Contentions her complaints about statements made to three persons, including "Bob Cole," relating to her complaints

---

[12]Fed. R. Evid. 615(3) advisory committee's note to 1972 Proposed Rules.

[13]*United States v. Burger*, 773 F. Supp. 1430, 1440 (D. Kan. 1991).

[14]*Id.*

[15]*In re Omeprazole Patent Litig.,* 190 F. Supp. 2d 582, 584 (S.D.N.Y. 2002) (citing *Polythane Sys. v. Marina Ventures Int'l*, 993 F.2d 1201, 1209 (5th Cir. 1993); *Morvant v. Constr. Aggregates, Corp.*, 570 F.2d 626, 630 (6th Cir. 1978)).

of sex discrimination and harassment.  The Court finds that Defendant has made an adequate showing that Robert Cole is essential to the presentation of its case.  Accordingly, it finds that Mr. Cole qualifies to serve as its corporate representative at trial and for other proceedings.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Allow Robert Cole to Appear as Defendant's Representative at Trial and Objection to and Motion for Reconsideration of Order (doc. 38) is sustained in part and denied as moot in part, as herein set forth.

Dated at Kansas City, Kansas on this 8th day of October, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge